UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0043-SEB-DML-1 |
| | ) | 1:13-cr-0086-SEB-MJD-1 |
| SHAWN DEWAYNE CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 30, 2015, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on June 3, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On June 3, 2015, defendant Shawn Dewayne Clark appeared in person with his appointed counsel, Joe Cleary.  The government appeared by Cynthia Ridgeway, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Clark of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Clark questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Clark and his counsel, who informed the court they had reviewed the Petition and that Mr. Clark understood the violations alleged. Mr. Clark waived further reading of the Petition.

3.     The court advised Mr. Clark of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Clark was advised of the rights he would have at a preliminary hearing.  Mr. Clark stated that he wished to waive his right to a preliminary hearing.

4.     Mr. Clark stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Clark executed a written waiver of the preliminary hearing, which the court accepted.

5.     The court advised Mr. Clark of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.     Mr. Clark, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of up to 4 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

On March 16, 2015, the offender was released from the RRC to attend his court-ordered domestic violence/anger management program. According to the treatment provider, Mr. Clark was not present for the session. His whereabouts during this time period are unknown.

On March 26, 2015, Mr. Clark was released from the RRC for employment purposes. He never returned to the facility, and his current whereabouts is unknown. The RRC has placed him on escape status.

As previously reported to the Court, in August and September 2014, Mr. Clark was approved for leave from the RRC to report to his employment. For approximately 30 days, he was leaving the facility, but was not going to work. He admitted noncompliance

7.      The court placed Mr. Clark under oath and directly inquired of Mr. Clark whether he admitted violation 1 of his supervised release set forth above. Mr. Clark admitted the violations as set forth above.

8.      The parties and the USPO further stipulated that under cause number 1:13-cr-0043:

(a)     The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Clark's criminal history category is V.

(c)     The range of imprisonment applicable upon revocation of Mr. Clark's supervised release, therefore, is 7 - 13 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.      The parties and the USPO further stipulated that under cause number 1:13-cr-0086:

(a)     The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

(b)   Mr. Clark's criminal history category is VI.

(c)   The range of imprisonment applicable upon revocation of Mr. Clark's supervised release, therefore, is 8 - 14 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.   The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow for cause number 1:13-cr-43 and the same recommended sentence for cause number 1:13-cr-86.  Both sentences would be served concurrently.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, SHAWN DEWAYNE CLARK, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow for cause number 1:13-cr-43 and the same sentence for cause number 1:13-cr-86.  Both sentences are to be served concurrently.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court will recommend placement at a facility close to Indianapolis, Indiana.

Counsel for the parties and Mr. Clark stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Clark entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the

4

Magistrate Judge≡s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Clark's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow for cause number 1:13-cr-43 and the same sentence for cause number 1:13-cr-86. Both sentences are to be served concurrently. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court recommends placement at a facility close to Indianapolis, Indiana.

IT IS SO RECOMMENDED.


June 9, 2015
Date: _____

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana



Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal